# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SCHREIBER FOODS, INC.,

        Plaintiff,

    v.                                 Case No. 12-mc-00050

INDIRECT PURCHASER PLAINTIFFS,

        Defendant.

## ORDER GRANTING MOTION TO QUASH SUBPOENA

On June 13, 2012, Indirect Purchaser Plaintiffs (IPP) served Schreiber Foods, Inc. (Schreiber) with a subpoena *duces tecum* for production of various documents. IPP is currently involved in multidistrict proceedings in the Northern District of Illinois for suits filed in 2008 and 2009 against Dairy Farmers of America, Inc., and Keller's Creamery LP for alleged violations of federal and state antitrust laws. Although Schreiber is a non-party to the multidistrict proceedings in Illinois, IPP issued a subpoena seeking documents from Schreiber related to Dairy Farmers of America and Keller's Creamery's alleged antitrust violations. Before me now is Schreiber's motion to quash IPP's subpoena *duces tecum*. Schreiber argues that the subpoena should be quashed because: (1) it is facially defective; (2) it imposes an undue burden because it seeks overly broad information having no relevance to IPP's claims; (3) the only relevant documents requested have already been provided to IPP or are readily obtainable from another group of plaintiffs who have sued Schreiber in a parallel action; and (4) it failed to allow a reasonable time to search for, review, and designate documents as privileged or requiring protection. For the following reasons, Schreiber's motion will be granted.

**DISCUSSION**

IPP makes a threshold argument that Schreiber's motion to quash should be summarily denied because Schreiber failed to comply with the requirement that it meet and confer with the party seeking discovery from it before filing its motion to quash. *See* Fed. R. Civ. P. 26(c)(1). But as Schreiber points out, as a non-party seeking to quash a subpoena, it is not subject to Rule 26, and neither Rule 45, nor the local rules of this district, require it to meet and confer with the issuing party before seeking relief in court. Accordingly, Schreiber's motion will not be summarily denied and I turn to its argument that IPP's subpoena is fatally defective.

Schreiber argues that the subpoena issued does not conform to the procedural requirements of Federal Rule of Civil Procedure 45(a)(2)(C). Under Rule 45(a)(2)(C) a subpoena for production or inspection of documents, if separate from a subpoena commanding a person's attendance at a trial, hearing or deposition, must issue "from the court for the district where the production . . . is to be made." IPP, in the subpoena form issued by the U.S. District Court for the Eastern District of Wisconsin and served on Schreiber, designated that production of the requested documents be made in Winston-Salem, North Carolina, where the offices of its attorneys are apparently located. Winston-Salem is in the Middle District of North Carolina. Schreiber argues that because the subpoena calls for production to be made in another district, it is facially and jurisdictionally defective.

IPP, on the other hand, argues that the district where the documents are located is the district where they are produced. It contends that its subpoena simply asks Schreiber to send copies of the responsive documents to the address in North Carolina. The documents requested are documents held by Schreiber at its offices in the Eastern District of Wisconsin. Since the

documents will first be produced in this district before copies are sent to North Carolina, IPP argues its subpoena is not invalid. Furthermore, IPP notes that the subpoena expressly instructed Schreiber to contact the issuing attorney "in the event that You believe any of the requests may be modified to minimize any burden . . . ." (Decl. of R. George Burnett, Ex. A, ECF No. 3-1, at 3, ¶ 19.) If Schreiber had notified it of its objection to sending copies of the responsive documents to North Carolina, IPP states it would have agreed to a location within the Eastern District.

The difficulty with IPP's position is that its subpoena did not instruct Schreiber to send copies of the documents it produced in the Eastern District of Wisconsin to North Carolina; it ordered Schreiber to produce the originals at that location. Indeed, nothing in Rule 45 suggests that a party has the power to compel a non-party to send him copies of documents. Rule 45 authorizes a party to command a non-party to produce designated documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). A command in a subpoena to produce documents means to permit inspection or copying of the original. Fed. R. Civ. P. 45(a)(1)(D). It is of course common for the attorney for a party to offer to accept delivery of copies of the requested documents at his office in lieu of producing the originals for inspection and copying. And even when such an offer is not explicit, the parties assume mailing copies to the requesting party's attorney is sufficient to comply. But IPP did not make such an offer here, and Schreiber is apparently unwilling to read such a request into its subpoena. Instead, IPP commanded Schreiber to produce the responsive documents at its attorney's office in North Carolina. This it may not do. *See In re General Motors Corp. Dex-Cool Prod.*, No. 03-1562-GPM, 2007 WL 627459, at * 1 (S.D. Ill. Feb. 27, 2007); *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004) ("'[T]he district in which the production . . . is to be made' is not the district in which the documents are housed but the district

3

in which the subpoenaed party is required to turn them over." (quoting Fed. R. Civ. P. 45(a)(2)(C)). Because IPP's designated place for the production of documents is not within the Eastern District of Wisconsin, contrary to the mandatory language prescribed by Rule 45(a)(2)(C), the subpoena *duces tecum* is facially invalid.

Of course this rule seems out of date when one considers that most documents are now electronically stored and produced. Given the somewhat technical nature of the defect and IPP's expressed willingness to accept production within the Eastern District of Wisconsin, I would be inclined to modify the subpoena to require production in this district, rather than quash it and require IPP to start over. Schreiber argues, however, that the Court cannot modify the subpoena because the defect is jurisdictional. Schreiber cites a number of cases in support of its contention that the defect is jurisdictional and cannot be cured by modifying the subpoena. *See, e.g.*, *Doe I v. Pauliewalnuts*, No. 5:08MC00001, 2008 WL 4326473, at *2-*3 (W.D. Va. Sept. 19, 2008); *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D. D.C. 2006); *Echostar Commc'ns Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 396-97 (D. Colo. 1998) (citing *Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. 1982). In light of this authority and because IPP has not offered an alternative site for the requested production, I conclude that the prudent course is to grant Schreiber's motion so that IPP can correct the defect and issue a new subpoena. Doing so will eliminate the alleged jurisdictional defect from the case and innoculate any future ruling by the Court against reversal on appeal on that basis. In that way, it will lead to a more expeditious resolution of the issue.

Schreiber Foods has also requested in its motion that the Court rule on the merits of its remaining arguments to quash IPP's subpoena: namely that IPP's document requests are overbroad,

4

unduly burdensome, and the information requested is readily available and, therefore, production would be unnecessarily duplicative. In order to do so, however, the Court would need to conduct a much more thorough analysis of the issues than it has so far. The Court is certainly willing to undertake such an analysis, but if, as Schreiber insists, the Court lacks jurisdiction over the matter, any further comment by the Court at this point would constitute an improper advisory opinion. The parties are therefore encouraged to consult with one another in an effort to avoid any unnecessary disputes over the requested documents. In the event they are unable to do so, the Court will address the matter further as required.

Accordingly, and for the reasons set forth above, Schreiber's motion to quash (ECF No. 1) is **GRANTED**.

**SO ORDERED** this __10th__ day of August, 2012.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

5